# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL J. COATES,

      Plaintiff,           CIVIL ACTION NO. 07-CV-10321-DT

  vs.

                                  DISTRICT JUDGE NANCY G. EDMUNDS

GENERAL MOTORS CORP.,     MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** Defendant's Motion for Summary Judgment filed on May 27, 2008 (docket no. 24) should be **GRANTED**.

**II.**     **REPORT:**

    **A.**     **Procedural History, Facts, and Claims**

Plaintiff is an African-American male and was born on August 16, 1948. (Docket no. 1 at 2). He has previously filed a discrimination claim against Defendant, his employer, for whom he has worked since 1978. Plaintiff claims that after filing his discrimination claim he suffered various adverse employment actions including unfavorable work assignments and denial of promotion and transfer opportunities. (*Id*.). In Count 1 of Plaintiff's Complaint he raises a claim of racial discrimination and retaliation in his employment in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) and the Michigan Elliott-Larsen Civil Rights Act (Mich. Comp. Laws § 37.2101). In Count 2 of his Complaint Plaintiff raises the claim of age discrimination in violation of the state civil rights act and the Age Discrimination in Employment Act (ADEA) (29 U.S.C. § 621). The EEOC issued Plaintiff a Notice of Right to Sue letter on October 20, 2006. Plaintiff then

filed his Complaint in this Court on January 19, 2007.

Plaintiff fails to identify any specific adverse employment action in his Complaint. (Docket no. 1). In his EEOC Charge of Discrimination he alleged only discrimination by failures to promote and identified one failure to promote on January 26, 2006. (*Id*. at 8). Discovery in this action has now closed. The only deposition taken was the deposition of Plaintiff taken on February 1, 2008. (Docket no. 24, transcript attachment).

Defendant filed its Motion for Summary Judgment on May 27, 2008. (Docket no. 24). Plaintiff has not filed a Response brief and the time for responding has now expired. (Docket no. 26 (setting response deadline for June 27, 2008)). All pretrial matters have been referred to the undersigned for decision. (Docket no. 9). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

B.  **Standard of Review**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

C.  **Analysis**

1.  **Race Discrimination**

Plaintiff has not presented any direct evidence of race or other form of discrimination. Therefore, this Court is left to conclude that he is relying on the burden-shifting framework of *McDonnell Douglas* which generally requires that Plaintiff show that he is a member of the protected class, that he was qualified for the position, that he suffered an adverse employment action, and that there is an inference of discrimination under the circumstances. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Once the Plaintiff establishes a prima facie case, the Defendant may then rebut the showing by offering a legitimate, nondiscriminatory rationale for the alleged disparate treatment. *See Hartsel v. Keys*, 87 F.3d 795, 800 (6th Cir. 1996). If the Defendant offers such a rationale, Plaintiff must then show that the reason proffered is pretextual. (*Id.*). Plaintiff may demonstrate pretext by showing that the proffered reason: (1) has no basis in fact; (2) did not actually motivate the defendant's challenged conduct; or (3) was insufficient to warrant the challenged conduct. *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000).

For purposes of analysis, Michigan's Elliott-Larsen Act resembles federal law and the same evidentiary burdens apply as in Title VII cases. *In re Rodriguez*, 487 F.3d 1001, 1007 (6th Cir. 2007).

Specifically tailored for a claim of discrimination based on a failure to promote, the *McDonnell Douglas* prima facie test requires Plaintiff to show that he is a member of a protected class, that he applied for and was qualified for a promotion, that he was considered for and denied the promotion, and that other employees of similar qualifications who were not members of the protected class received promotions. *Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 614

(6th Cir. 2003).

Plaintiff testified during his deposition that he had no evidence or facts to support his claim of discriminatory raises in pay based on his race. (Docket no. 24, deposition transcript at 232-33, 235). Plaintiff also testified that he had no facts or evidence to support his claim that he was discriminated against in promotions because of his race. (*Id*. at 236). Plaintiff has not come forward with any evidence to establish a prima facie case of racial discrimination in response to Defendant's motion. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (burden on plaintiff to establish prima facie case of discrimination); *Canton Police Benevolent Ass'n v. United States*, 844 F.2d 1231, 1235 (6th Cir. 1988) (failure to support allegations with appropriate response to summary judgment motion resulted in failure to create genuine issue of material fact). Summary judgment is therefore proper as to Plaintiff's federal and state law claims of racial discrimination. *See Covington*, 205 F.3d at 915.

### 2. Age Discrimination

Plaintiff has the burden of proving his prima facie case of age discrimination in the same manner as for racial discrimination. *See Sutherland*, 344 F.3d at 614. During his deposition Plaintiff failed to provide any facts supporting his complaint of age discrimination. Regarding positions for which he applied, did not receive, and was not interviewed, Plaintiff did not know whether the decision makers were aware of his age. (Docket no. 24, deposition transcript at 242). In those instances where he received an interview, there was no negative reaction to his age. (*Id*.). Plaintiff has not shown that other employees with similar qualifications and who were not members of the protected class received promotions or raises while he did not. Therefore, he has failed to establish a prima facie case of age discrimination, and summary judgment is appropriate. *See*

*Covington,* 205 F.3d at 915.

### 3. Retaliation

In order to state a claim of unlawful retaliation, Plaintiff must prove that he engaged in protected activity, defendant was aware of the activity, defendant took an adverse employment action against plaintiff or harassed plaintiff, and there was a causal connection between the protected activity and the adverse employment action or harassment. *Morris v. Oldham Co. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000); *Meyer v. City of Center Line*, 619 N.W.2d 182 (Mich. App. 2000).

Plaintiff bases this claim on his failure to receive pay raises or promotions. (Docket no. 24, deposition transcript at 244). Plaintiff admitted that he had no facts to support his belief that he received only nominal pay raises because of his prior lawsuit. (*Id*. at 250). No one made any negative or derogatory comments to him after he filed his lawsuit based on that complaint. (*Id*. at 228). Finally, Plaintiff admitted that he had no evidence that he was not promoted because of his earlier lawsuit. (*Id*. at 248-49). Plaintiff has therefore failed to show that a genuine issue for trial exists on his retaliation claim. *See Covington*, 205 F.3d at 915. Summary Judgment is appropriate as to Plaintiff's claim of unlawful retaliation.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 19, 2008            s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Michael J. Coates and Counsel of Record on this date.

Dated: August 19, 2008            s/ Lisa C. Bartlett
                                            Courtroom Deputy